## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JESSE ALVIN COLEMAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3362 |
| | ) | |
| GLADYSE C. TAYLOR et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding *pro se* and currently incarcerated in Vandalia Correctional Center, pursues claims arising from IDOC's alleged illegal surcharge on commissary items.  The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

## LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such

1

process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative

level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the

misconduct alleged . . . . Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice."

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550

U.S. at 555-56. However, *pro se* pleadings are liberally construed when

applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir.

2009).

## ALLEGATIONS

Plaintiff alleges that Illinois statutory law prohibits Illinois prisons

from marking up commissary items more than 25% for non-tobacco

products and 35% for tobacco products. Plaintiff alleges that the prisons

are exceeding this limit, thus violating his constitutional rights.

## ANALYSIS

This claim was addressed by the Seventh Circuit in Tenny v.

Blagojevich, 659 F.3d 578 (7th Cir. 2011). State prisoners in Tenny

challenged, on procedural due process grounds, the IDOC's imposition of additional mark-ups above the state statutory caps. *See* 730 ILCS 5/3-7-2a (establishing caps). The district court in <u>Tenny</u> had dismissed the case at the screening stage, reasoning that the prisoners had no constitutionally protected interest in purchasing commissary items or in purchasing them at a given price.

The Seventh Circuit affirmed, but on a different ground. The Seventh Circuit reasoned that, even if the state statute created a constitutionally protected property interest, the deprivation suffered was the kind of "random and unauthorized" deprivation for which no federal due process claim exists if an adequate post-deprivation state remedy is available. 659 F.3d at 582, *quoting* <u>Parratt v. Taylor</u>, 451 U.S. 527, 541 (1981). The plaintiffs in <u>Tenny</u> had not sufficiently alleged that state remedies were inadequate. The Seventh Circuit concluded:

> Put another way, this case is really about a substantive
> violation of Illinois law, not about the procedures required
> before the plaintiffs can be deprived of a property interest.
> The plaintiffs' grievance is about what was done (the mark-up
> in excess of 25%), not the procedures followed to do it. And
> that is exactly what this court, and the Supreme Court, have

worried "would make of the Fourteenth Amendment a font of tort law," or in this case administrative law, "to be superimposed upon whatever systems may already be administered by the States." Easter House, 910 F.2d at 1396 (quoting Parratt, 451 U.S. at 544, 101 S.Ct. 1908). Federal courts do not sit to compel a state's compliance with its own law. . . . Even assuming the plaintiffs were deprived of a property interest created by state law, "[f]ailure to implement state law violates that state law, not the Constitution; the remedy lies in state court." . . . The plaintiffs' federal constitutional claims fail.

659 F.3d at 583.

A recent Illinois appellate opinion has concluded that prisoners do not have standing to enforce the statute on commissary caps. Jackson v. Randle, — N.E.2d —, 2011 WL 4031215 (4th Dist., 9/9/11 order)(not yet released for publication in permanent law reports). The Illinois Appellate Court explained as follows:

DOC regulations and the Unified Code were designed to provide guidance to prison officials in the administration of prisons, not to create more rights for inmates than those that are constitutionally required. Inmates have a constitutional right to adequate water, shelter, food, drinking water, clothing, sanitation, and medical care, personal safety, reasonable access to courts, and the reasonable opportunity to exercise religious freedom. . . . Prisoners like Jackson do not have constitutionally protected "rights" to commissary items at a specified price, and section 3–7–2a does not somehow

magically create one.

2011 WL 4031215 at *2 (citations omitted).  <u>Jackson</u> is not binding precedent on this Court, but the case does illustrate that Plaintiff's federal procedural due process rights are satisfied because he can pursue his constitutional argument in state court, though the outcome will not be successful if the <u>Jackson</u> decision is correct.  Accordingly, Plaintiff's challenge fails to state a federal constitutional claim under <u>Tenny</u>.

IT IS THEREFORE ORDERED:

1.    Plaintiff's complaint is dismissed for failure to state a federal claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.  This case is closed.

2.    The merit review hearing scheduled for December 5, 2011, is cancelled.  The clerk is directed to notify Plaintiff's prison of the cancellation.

3.    Even though this case is being dismissed, Plaintiff still owes the $350 filing fee, to be collected pursuant to the procedures set forth in 28 U.S.C. 1915(b)(1).  The clerk is directed to enter the

standard text order directing payment in installments.

4.    This dismissal shall count as one of the plaintiff's three allotted

"strikes" pursuant to 28 U.S.C. Section 1915(g).  The Clerk of the

Court is directed to record Plaintiff's strike in the three-strike log.

The clerk is further directed to note in the three-strike log that

Plaintiff appears to have accumulated at least three strikes under §

1915(g).  *See* <u>Coleman v. Fairman</u>, 98-CV-0095 (N.D. Ill., Judge

Lindberg)(dismissed on 5/26/98 for failure to state a claim);

<u>Coleman v. Cook County Sheriff</u>, 09-cv-2994 (N.D. Ill., Judge

Lindberg)(dismissed on 5/27/09 as duplicative and malicious).

5.    If Plaintiff wishes to appeal this dismissal, he must file a notice of

appeal with this Court within 30 days of the entry of judgment.

Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma*

*pauperis* should set forth the issues Plaintiff plans to present on

appeal.  See Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to

appeal, he will be liable for the $455 appellate filing fee irrespective

of the outcome of the appeal.  Plaintiff may also be assessed

another "strike" by the Court of Appeals if his appeal is dismissed

for one of the reasons stated in § 1915(g).

ENTERED: November 23, 2011

FOR THE COURT:

                    s/Sue E. Myerscough
                    SUE E. MYERSCOUGH
                    UNITED STATES DISTRICT JUDGE